UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANNIE NICOLE RITENOUR<br>         *Defendant.* | CASE NO. 3:21-cr-00010<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendant's motions for continuance of trial date, Dkts. 40, 41. Defendant requests that the Court continue the trial date to April 19-20, 2023. The Government does not object to the requested continuance.

The Speedy Trial Act (the "Act") "generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance." 18 U.S.C. § 3161(c)(1). But "[t]o allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by . . . granting . . . [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See United States v. Henry*, 538 F.3d 300, 303 (4th Cir. 2008) (quoting 18 U.S.C. § 3161(h)(7)(A)). The Court must set forth its reasons for finding that a continuance is warranted under the Act's exception. *Id.*

The Court finds that a continuance is warranted, considering the factors listed in 18 U.S.C. § 3161(h)(7)(B) of the Act, and for the reasons counsel has provided in its supplemental motion for continuance of trial date, Dkts. 41, 41-1. Section 3161(h)(7)(B)(iv) of the Act provides a court can consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds these circumstances would so deny the time necessary for effective preparation, accounting for due diligence, if the Court did not grant a continuance.

In short, the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

For the foregoing reasons, Defendant's motions, Dkts. 40, 41, are GRANTED, and the Court ORDERS that trial date be CONTINUED until April 19-20, 2023. The period between the previous and new trial dates will be excluded from the calculation of time under the Speedy Trial Act.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this  9th  day of November, 2022.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE